57 F.3d 1080
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John LUTTRELL, Plaintiff-Appellant,
v.
Alfredo MONTOYA, Jose Benito Chavez, in their individual
capacities only, Defendants-Appellees.
 No. 94-2189.
D.C. No. CIV-93-1518-LH
 United States Court of Appeals, Tenth Circuit.
 June 12, 1995.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff John Luttrell appeals from an order of the district court granting summary judgment on the basis of qualified immunity in favor of defendants in this suit filed pursuant to 42 U.S.C.1983. We have jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 4
 Plaintiff was formerly a non-certified employee of the Espanola Public School District. Defendants Montoya and Chavez were, respectively, Chairman of the Board of Education and Acting Superintendent or Superintendent of the school district. Plaintiff began his employment with the school district as an accountant on August 1, 1990, and was promoted to business manager in December of the same year. Plaintiff asserts that after May 1991, when the purchasing agent was dismissed, defendants arbitrarily and capriciously made his working conditions intolerable by requiring him both to meet unrealistic deadlines on his work and also to do the work of purchasing agent, for which position defendants hired an unqualified person based on political affiliation. Plaintiff also alleges that defendant Chavez illegally signed a purchase voucher and thereby subjected plaintiff to possible criminal charges as an accessory. Plaintiff began a leave of absence on April 27, 1992, and resigned on July 28.
 
 
 5
 It appears to be undisputed that the only written contract covering plaintiff's employment expired on June 30, 1992, at the end of the 1991-92 school year. Thus, plaintiff's written contract had expired by the time he tendered his resignation on July 28. Plaintiff maintains, however, that he had an implied contract of continued employment, based on representations made to him when he was hired that his employment was intended to be permanent or long-term, and that he could be discharged only for good cause. In addition, plaintiff asserts that the school district treated him as an employee while he was on leave of absence by continuing his benefits into July--part of the 1992-93 school year.
 
 
 6
 Plaintiff claimed that he had a property interest in continued employment, and that defendants' "arbitrary and capricious" actions leading him to resign amounted to a constructive discharge in violation of his substantive due process right in his employment. After a hearing, the district court agreed that plaintiff had a property interest in his job under New Mexico law, and determined that plaintiff's employment terminated on April 27, 1992, when he began his leave of absence. The district court nevertheless concluded that defendants were entitled to qualified immunity on plaintiff's constructive discharge claim, as plaintiff's allegations regarding defendants' "arbitrary and capricious" conduct did not rise to the level of a constitutional violation. Accordingly, the district court granted summary judgment in favor of defendants.
 
 
 7
 We review the grant of summary judgment de novo to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Defendants have asserted the defense of qualified immunity. "[G]overnment officials performing discretionary functions[ ] generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Therefore, the two-part threshold question on summary judgment here centers on whether the plaintiff has sufficiently asserted the violation of a constitutional right and whether that right was clearly established at the time of the challenged conduct. Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir.1995)(explaining Siegert v. Gilley, 500 U.S. 226, 231-33 (1991)). "If the plaintiff fails to carry either part of his two-part burden, the defendant[§ are] entitled to qualified immunity." Albright v. Rodriguez, No. 94-2108, 1995 WL 170712, at * 4 (10th Cir. Apr. 7, 1995). If, on the other hand, plaintiff clears this purely legal double hurdle, the court then determines whether there is a genuine factual dispute that defendants violated plaintiff's clearly established constitutional right. Romero, 45 F.3d at 1475. We review de novo the district court's determination that qualified immunity should apply. See Siegert, 500 U.S. at 232.
 
 
 8
 Plaintiff raises five issues on appeal, but we find it necessary to decide only one of them. We conclude that, under New Mexico law, plaintiff did not have a property interest in continued employment beyond the expiration of his written contract and, therefore, did not have a property interest in his job at the time he tendered his resignation on July 28, 1992. As a result, plaintiff's allegations concerning defendants' conduct do not implicate any substantive due process right in employment, and plaintiff has not sufficiently asserted a constitutional violation to overcome defendants' qualified immunity defense.
 
 
 9
 We do not agree with the district court that plaintiff's employment ended on April 27, 1992, while his written contract was still in force. It is undisputed that plaintiff began a leave of absence then, pursuant to his contract and school district policy. He had not resigned, nor had defendants discharged him. If plaintiff was constructively discharged, it was on July 28 when he submitted his resignation. But plaintiff's written contract had expired by then. Plaintiff does not argue that the leave of absence extended the duration of his written contract past June 30 but, rather, that his implied contract continued beyond the expiration of his written contract.
 
 
 10
 Under New Mexico law, however, it is clear that plaintiff could not enforce an implied contract against the school district. See N.M. Stat. Ann. 37-1-23 ("Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract."); Hydro Conduit Corp. v. Kemble, 793 P.2d 855, 859 (N.M.1990)(holding that the enactment of section 37-1-23 reinstated the sovereign immunity previously abolished by case law). Thus, on July 28, plaintiff had no contract right to continued employment under state law. Property interests are also created and defined by state law. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). A property interest in continued employment is more than an expectation of it; it is "a legitimate claim of entitlement to it." Id. Where plaintiff had no enforceable contract right to employment under state law, he had no "legitimate claim of entitlement" to employment. We therefore cannot hold that he had a property interest in continued employment under state law.
 
 
 11
 Because plaintiff did not have a constitutionally protected property interest in continued employment at the time he resigned, he has not asserted the violation of a constitutional right and defendants were entitled to summary judgment on the basis of qualified immunity.
 
 
 12
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation